[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO CITE IN OF JUNE 8, 1998
Plaintiff seeks to cite into this action Anthony DiPentima, Michael Peters, Michael McGarry, John O'Connell and John Stewart all elected members of the Hartford City Council.
 History
On May 22, 1997, an individual named Dana Wright attempted to commence an action originally entitled Lewis Street Holding Co.,LLC (Lewis Street) et al., City of Hartford, et al., No. CV 97 05708603S (the "original action") on behalf of Lewis Street, one Pendleton and himself alleging causes of action for "Discrimination" and "Tortuous Interference." He is not an attorney. That complaint alleged that the City of Hartford, pursuant to municipal resolutions, entered into a contract with the plaintiffs for the purchase and development of pieces of property in downtown Hartford known as the Cutter Site and that the individual defendants, who included the Mayor and several City Council members, improperly prevented plaintiffs from proceeding with the purchase of the property: The plaintiffs filed Notices of Lis Pendens for the Cutter site properties on the Hartford Land Records. The defendants moved to dismiss the action and to dissolve the Notice of Lis Pendens.
On August 8, 1997, the Court (L. Paul Sullivan, J.) dismissed the claims of Lewis Street Holding and Pendleton but allowed the action to continue with respect to Dana Wright. On February 13, 1998, the Court (Devlin, J.) dissolved plaintiff's Notices of Lis Pendens. Mr. Wright amended his complaint to include a theory of recovery based in 42 U.S.C. § 1983 and, on that basis, removed the action to federal court.
Following these rulings, on or about February 27, 1998, Mr. Wright filed this action on behalf of only Lewis Street Holding against only the City and alleged essentially the same facts — that Lewis Street Holding was wrongfully prevented from purchasing the Cutter Site as a result of actions by the Mayor and certain City Council Members. Mr. Wright filed another set of CT Page 10880 Notices of Lis Pendens which this court order dissolved on July 27, 1984. That order has been stayed. The City has also moved to strike all but one of the counts in this complaint.
The plaintiff now has an attorney and seeks to cite in, as defendants in this case, the individuals as noted above.
 Law
The question is are these individuals necessary parties to the outcome of this action.
CGS § 52-102 allows a party to be cited in if he "has or claims to have an interest in the controversy, or any part thereof, adverse to plaintiff or . . . if that person is necessary for a complete determination or settlement of any question therein."
None of these proposed defendants own any interest in the subject properties nor were any of them parties to the contract sued upon. It is true that they were at relevant times duly elected council persons of the City of Hartford and as such were involved in voting on various city resolutions in regard to the properties.
CGS § 52-103 gives this court discretion to cite in necessary parties. The court has not been shown any reason to think that any one of these individuals is necessary to this case. These persons are not parties having an interest in the controversy adverse to plaintiff. C.G.S. § 52-102. Under that same statute they are not necessary for a complete determination of any question involved in this complaint.
Does this complaint set forth a cause of action against any of these individuals?
The plaintiff brings its action only against the City in five counts. The first count is for interference with a contract between the City and the plaintiff. That count does allege that Peters refused to meet with plaintiff "Dana J. Wright" (sic). This refusal is alleged to have "undermined the plaintiff's ability to solve problems created by the City "but there are no facts alleged as to what constituted the undermining or what problems were to be solved. CT Page 10881
The first count also alleges that that Stewart acted improperly but nothing is said about that alleged action interfering with the actual undertaking of the contract.
The second count is for unfair trade practices under C.G.S. § 42-1102. This is not applicable to the persons sought to be cited in.
The third count is for wrongful termination of the contract. It also alleges a "revenge" motive against Peters, DePentima and Stewart but provides no facts.
The fourth count is for negligence in that the City acted negligently as set forth by the "actions described . . . in counts one, two, and three.
The fifth count is for "Failure to Serve the Public Interest." That too is not supported by facts, even if it might be a cause of action.
None of these counts state facts showing a cause of action against any of the persons plaintiff seeks to cite in.
Motion to cite in is denied.
O'Neill, J.